## STATE ex BRADLEY v RAILWAY EXPRESS AGENCY, INC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14254.   Decided Feb 8, 1935

Kuth & Ehrke, Cleveland, for plaintiff in error.

Herrick, Hopkins, Kelley & Yaggi, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, J.

Whatever references are made in this brief opinion relate to the law as it existed in 1929.

Attention is called to a portion of §6290-1 GC as follows:

"There is hereby created in the office of the secretary of state, a bureau of motor vehicles which shall be administered by a commissioner of motor vehicles referred to hereafter in this act as the commissioner. The commissioner of motor vehicles shall be appointed by the secretary of state and shall serve at his pleasure. He shall be paid a salary of thirty-six hundred dollars per annum. It shall be the duty of the commissioner to enforce the motor vehicle laws of the state and he may appoint such number of deputies, inspectors, clerks, stenographers and other employees as may be necessary for such purpose and fix their compensation."

By the express language of the act it is to be observed that the legislature created a

bureau of motor vehicles in the office of the Secretary of State. There is thereby established a state department to engage in a state activity. The Commissioner of Motor Vehicles is charged with the duty of enforcing the motor vehicle laws of the state. One very important part of his duties thereby imposed is the distribution of license plates and the collection of the prescribed license taxes. The legislature expressly charged him with this duty. It did not impose any part of this duty upon any-one else. While his obligations in this regard are not imposed exclusively by express language, he is charged with the whole duty to the exclusion of all other persons and agencies by necessary implication.

It is our opinion that the exclusive duty and responsibility resides in the Commissioner of Motor Vehicles to enforce the motor vehicle laws.

Why the Commissioner did not require the purchaser of said assets to equip the motor vehicles with newly issued license plates in the name of the purchaser has not been explained. Whether it was deemed the equitable thing to do in not requiring the usual procedure to be followed for the reason that the State had received from the vendor the full tax for these motor vehicles for the entire year and for that reason waived the requirements has not been explained. The fact remains from the averments in the amended petition that new plates were not issued to defendant nor license taxes collected from defendant upon the motor vehicles operated by it upon the streets and highways of the state for said period in 1929.

It is contended by plaintiff that the failure of the Commissioner to demand and receive this tax from the purchaser operates to deprive the County of its share of those license taxes which a strict enforcement of the law would have brought to the county; that the failure so to do gives a right to this taxpayer to bring this action to collect same and to maintain this action having for its object the enforcement of the motor vehicle act in respect to issuance of plates and collection of license taxes.

Local authorities have jurisdiction in respect to violations of the provisions of the act that are penal in character. But, the general supervision and enforcement of the act is administrative. By legislative enact-ment its enforcement is made a departmental state activity. Efficient and effective enforcement might be seriously impeded if open to attack from prosecuting attorneys and taxpayers upon various claims of errors of omission or commission. If the commissioner should exceed his powers or be derelict in his duties, the Attorney General will doubtless invoke a remedy to rectify and correct to the end that the interests of the state be conserved.

Entertaining these views it is our conclusion that the plaintiff did not have capacity to sue. This license tax is a state tax for the benefit of the state as a whole. The fact that the Auditor is designated a Registrar does not operate to place a beneficial interest in the county as such. He is a mere fiscal agent for the Commissioner in the enforcement of the motor vehicle laws. The fact that fifty percent of the license taxes collected from residents of the county finally drifts back to the respective political units within the county, does not have the effect of giving the county as such a beneficial interest therein.

As stated by Allen, J., in **Fisher Brothers Company v Brown, 111 Oh St, page 602,** at page 627:

"The tax is levied for the benefit of the state as a whole. It is to be used for the maintenance and repair of public roads, highways and streets throughout the state, and for no other purpose. The counties and municipal corporations are a part of the state. Part of the money raised by this act will be expended within their limits, but also within the state. In other words, the tax is a state tax levied for state purposes, and not for the benefit of municipalities, or of counties as such."

It is our opinion that the Commissioner of Motor Vehicles has exclusive authority and responsibility to enforce this act in these respects; that neither the prosecuting attorney nor a taxpayer in his stead has capacity to sue to recover unpaid or delinquent license taxes, if such there be.

For these reasons the judgment is affirmed with exceptions.

LEVINE, J, concurs in judgment.

HYNES, PJ, dissents.