**SEEDS v WESTERN & SOUTHERN LIFE INSURANCE COMPANY**

**SEEDS v SLOVENIAN MUTUAL BENEFIT ASSOCIATION**

**SEEDS v FIRST CATHOLIC SLOVAK UNION**

**SEEDS v BROTHERHOOD OF RAILWAY TRAINMEN**

Ohio Appeals, 2nd Dist, Franklin Co.

Nos. 3055, 3056, 3057, 3058.
Decided October 18, 1939.

John E. Todd, Columbus, for plaintiff-appellant and for the motion.

Vorys, Sater, Seymour & Pease, Columbus, for The Western & Southern Life Insurance Co., defendant-appellee.

Francis M. Surtz, and Franklin Rubrecht, Columbus, for Slovenian Mutual Benefit Ass'n., defendant-appellee.

Davis & Young; Chas. A. Chapla, Cleveland, for First Catholic Slovac Union, defendant-appellee.

W. A. Eudle, and Pretzman & Dillon, Columbus, for Brotherhood of Railway Trainmen Ins. Dept., defendant-appellee.

## OPINION

By HORNBECK, PJ.

We consider appeals on questions of law in each of the above entitled cases. The question presented is the same in all cases. The averments of the petition in case No. 3055 are typical of all the cases and we therefore discuss this case only.

This is a taxpayer's suit claimed to be brought on behalf of the State of Ohio, and all taxpayers therein. The defendant is a domestic insurance company and subject to the payment of certain franchise taxes, which, it is averred, are delinquent and have remained so for more than thirty days; that the taxes are due and owing to the State of Ohio, and that the officers of the State whose duty it is to collect the taxes have neglected to do so. To the petition a general demurrer was interposed on two grounds: that the facts do not constitute a cause of action and that the plaintiff has not legal capacity to maintain the suit. The demurrer was sustained and plaintiff, desiring to plead no further, judgment was entered against him for costs. To this action the appeal is directed.

The assignments of error are general to the effect that the court erred in sustaining the demurrer. It will be observed that the action proceeds upon the claimed right of the plaintiff in a taxpayer's suit on behalf of the State to require the defendant company to pay delinquent taxes because the public officer charged with the collection of said taxes has failed to observe a duty enjoined upon him by statute. It was apparent upon oral presentation that if the defendants were required to answer, many of the averments of facts would be denied which upon demurrer must be accepted as true.

Counsel for plaintiff asserts that after the delinquent taxes have been certified to the Tax Commission by the process prescribed by law the Code provides that such taxes may be recovered in the name of the State and that suit may be brought in the Court of Common Pleas of Franklin County, Ohio. Attention is directed to the fact that this provision is not mandatory but permissive. It further appears, however, that the Attorney General, on request of the Commission, shall institute such action as is contemplated to be brought in the name of the State. From this it is urged that although it is the obligation of the Attorney General to institute the action contemplated upon request, that, if request be not made, still the right to institute the action exists in the name of the State and that the taxpayer herein answers the description of a party who had the right to begin the action.

We grant that the statute, §5414-18, GC, defining the manner in which the action to recover the delinquent taxes may be instituted fixing the venue and naming the officer to prosecute the suit. namely, the Attorney General, is only effective when and if the Tax Commission has requested the Attorney General to begin action. Although the Tax Commisson is not in mandatory form required to certify the taxes to the Attorney General for collection, we have no doubt that continued refusal so to do without sufficient reason would be the basis for an action commanding it to so certify.

The §5414-18, GC, is the one and only one which makes provision for legal action intended to compel the payment of the delinquent taxes. Counsel for plaintiff concedes that he could not have maintained the action at common law, that there is no statute in Ohio specifically and directly authorizing the same and that there is no authority of our court of last resort approving any such form of procedure. As we understand it, there is only left to the plaintiff the claim that there is constitutional authority over and beyond the statutory right.

The constitutional provision upon which is predicated authority of the plaintiff to institute the action is **Art. I, Sec. 16, Ohio Constitution:**

"All courts shall be open, and every person, having an injury done him, his land, goods, person or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the State in such Courts and in such manner as may be provided by law."

It is the "due course of law" provision upon which plaintiff relies. It is conceded that the last sentence in the section is not self-executing. Insofar as the present action is concerned it has been executed by the proviso that the Attorney General shall in the name of the State sue to collect the delinquent taxes. This is the due process of

law which is set up. The plaintiff is protected in his rights by the Attorney General who in his representative capacity acts for him. This form of representation of the individual by a designated public official is well recognized in our procedure. That the statutory authority in the Attorney General to sue for the taxes due the State is exclusive seems logical as no express provision for, or recognition of the right of another to sue is to be found in this case.

In the sections of the Code authorizing taxpayers' suits to recover moneys due the counties in one instance and municipalities in another, §§2922 and 4314, GC., the right to first institute the action is accorded the Prosecuting Attorney and the City Solicitor respectively, and it is only after he fails upon written request of a taxpayer to do so that the taxpayer may proceed. In the situation presented in this case there is no authority of statute for the taxpayer to proceed when and if the Attorney General fails or refuses to do so.

The public policy of the legislation becomes pertinent as relates to the claim that the plaintiff derives his authority from the due course of law clause of our State Constitution. We know of no instance, none is called to our attention and independent research finds none where a taxpayer's suit has been instituted for the purpose of making direct collection of taxes due the State from a delinquent taxpayer. This is not conclusive that such right does not exist but it is persuasive. It may well be that such procedure is not sanctioned because it would result in confusion and would not be conductive to orderly collection of taxes.

We have examined the cases cited by counsel for appellant and have given them consideration. In our judgment they do not require discussion or analysis because they are not supporting authority for the right of the plaintiff to maintain his action. No case has been cited from any jurisdiction wherein such a suit as is here planted has been entertained in any court. Coun-

sel for appellant filed an original brief in which it was suggested that another and more complete brief would be tendered but we do not find it among the papers, therefore assume that all that is desired to be presented by the court is found to be in the original brief.

The cited case of State ex Bradley v Railway Express Agency, 18 Abs 620, is in point and holds that a taxpayer in a situation much like that presented in the instant case could not maintain an action to recover money due for license fees for the operation of motor trucks. We are of opinion that this decision is sound.

The demurrer was properly sustained. The judgment will be affirmed in the four cases.

GEIGER and BARNES, JJ., concur.

**APPLICATION FOR REHEARING**

Decided Oct. 30, 1939.

BY THE COURT:

Submitted on application for rehearing consisting of six branches.

We have given consideration to all of the grounds of the application for rehearing and recognize the force of the presentation of counsel for appellants. However, we have not been able to follow the theory nor adopt the conclusions of counsel in these cases. We believe that we discussed all of the questions now again urged on the application for rehearing and no good purpose would be served by a restatement of our reasons for our former decision.

The application will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.